IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-00132-PAB-KAS

JOHN DOE NO. 1, and
JOHN DOE NO. 2,

    Plaintiffs,

v.

LAURA MYERS,
ANTHONY VRUGGINK, and
LEGACY ACADEMY, a Colorado nonprofit corporation,

    Defendants.

---

**ORDER**

---

    This matter comes before the Court sua sponte on review of the docket. The complaint names "John Doe No. 1" and "John Doe No. 2" as the sole plaintiffs in this action and states that, "[a]t all relevant times, Plaintiffs were in the 8th grade." Docket No. 1 at 7, ¶ 40. The events described in the complaint took place in February 2023. *Id.*, ¶¶ 41, 45; Docket No. 1-5 at 1-2. Therefore, John Doe No. 1 and John Doe No. 2 appear to be minors. *See also* Docket No. 7 at 1, ¶ 2 (stating that plaintiffs are minors).

    Under Federal Rule of Civil Procedure 17, an individual's capacity to sue is determined by the law of the individual's domicile. Fed. R. Civ. P. 17(b)(1). The complaint does not state plaintiffs' domiciles. However, it appears likely that plaintiffs are domiciled in Colorado given that they were enrolled in school in Colorado. Docket No. 1 at 2, 7, ¶¶ 8-9, 40. Under Colorado law, a minor is not competent to sue except through an adult acting on his or her behalf. *Bartlett v. Elgin*, 973 P.2d 694, 697 (Colo.

App. 1998); see Colo. Rev. Stat. § 13-22-101(1)(c).  Although plaintiffs would be permitted to sue through a next friend, guardian ad litem, or a duly appointed representative, see Fed. R. Civ. P. 17(c), they have not done so.  Therefore, plaintiffs will be required to show cause why this case should not be dismissed on the basis that plaintiffs are not competent to sue.

Under Federal Rule of Civil Procedure 10, a complaint must "name" the parties to the action.  Fed. R. Civ. P. 10(a).  Regarding the name of an individual known to be a minor, Rule 5.2(a) requires use of a minor's initials rather than the minor's name.  Fed. R. Civ. P. 5.2(a)(3).  There is, however, no rule granting minor plaintiffs, or any other plaintiffs, the right to sue anonymously.  "Proceeding under a pseudonym in federal court is, by all accounts, 'an unusual procedure.'"  *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (quoting *M.M. v. Zavaras*, 139 F.3d 798, 800 (10th Cir. 1998)).  Nevertheless, the Tenth Circuit has held that exceptional circumstances may warrant anonymity, *id*., and that district courts have the discretion to grant a plaintiff's motion to proceed under a pseudonym.  *M.M.*, 139 F.3d at 803.

Here, plaintiffs have failed to comply with Rule 5.2(a)(3) in not using initials for the names of the minors and, if plaintiffs believe that grounds exist to use pseudonyms, as opposed to initials, plaintiffs have failed to file a motion showing exceptional circumstances.  Plaintiffs state that, "given that the Plaintiffs are minors and this case involves allegations of a sensitive nature, this case was brought under the 'John Doe' pseudonyms to protect the Plaintiffs' privacy."  Docket No. 7 at 1, ¶ 2.  This statement is made, not in support of a proper motion to show exceptional circumstances, but as an unrelated explanation that fails to take into account why the use of initials, as

contemplated by Rule 5.2(a)(3), would not satisfy the plaintiffs' privacy concerns.[1]  See Fed. R. Civ. P. 5.2(a)(3).  If, after plaintiffs have amended their complaint in accordance with Rule 17(c), plaintiffs' representatives wish to protect plaintiffs' identities through the use of pseudonyms, they may do so only by filing a motion to proceed anonymously.  It is therefore

**ORDERED** that, on or before **May 10, 2024**, plaintiffs shall show cause why this case should not be dismissed on the basis that plaintiffs are not competent to sue on their own behalf.

DATED May 6, 2024.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

[1] Plaintiffs' motion to restrict states that minors are "presumptively entitled to privacy under F.R.C.P. 5.2" and "will suffer serious harm in the form of having False Allegations . . . attributable to their names."  Docket No. 7 at 2, ¶ 5.  However, plaintiffs cite no authority for the proposition that plaintiffs are entitled to proceed anonymously without seeking the Court's permission to do so.